UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-20935-JAL

YANEITSY ROSETE,
PERSONAL REPRESENTATIVE
OF ESTATE OF DANIEL ALLEN KEMPF

    Plaintiff,

v.

CITY OF HOMESTEAD,
A Municipal Entity, Officer
SCHELISA GILPIN-BRAITHWAITE, in her individual
capacity, and JOHN DOE an
unidentified police officer(s) in
their individual capacity,

    Defendant(s).
_____/

<u>PLAINTIFF, YANEITSY ROSETE' PERSONAL REPRESENTATIVE OF ESTATE OF DANIEL ALLEN KEMPF'S RULE 26(A)(1) INITIAL DISCLOSURES</u>

    Yaneitsy Rosete, Personal Representative of Estate of Daniel Allen Kempf, ("Rosete") provides the following Rule 26(A)(1) Disclosures.

1. The following individuals are likely to have discoverable information that the Defendant may use to support its claims:

a.    Yaneitsy Rosete, Personal Representative of Estate of Daniel Allen Kempf and (Mother to Daniel Allen Kempf)
c/o Robert Pelier, Esq. Robert N. Pelier, P.A.
4649 Ponce De Leon Blvd. Suite 301
Coral Gables, FL 33146

*May have knowledge concerning Daniel Allen Kempf on the days leading to the October 22, 2023 incident, the call for assistance from and information provided to law enforcement. Also, may have knowledge regarding the death of Daniel Allen Kempf and damages.*

1

b. Thomas Kempf (Brother to Daniel Allen Kempf)
c/o Robert Pelier, Esq. Robert N. Pelier, P.A.
4649 Ponce De Leon Blvd. Suite 301
Coral Gables, FL 33146

*May have knowledge concerning Daniel Allen Kempf on the days leading to the October 22, 2023 incident, the call for assistance from and information provided to law enforcement. Also, may have knowledge regarding the death of Daniel Allen Kempf and damages*

c. Caridad Rosete (Grandmother to Daniel Allen Kempf)
c/o Robert Pelier, Esq. Robert N. Pelier, P.A.
4649 Ponce De Leon Blvd. Suite 301
Coral Gables, FL 33146

*May have knowledge concerning Daniel Allen Kempf on the days leading to the October 22, 2023 incident, the call for assistance from and information provided to law enforcement. Also, may have knowledge regarding the death of Daniel Allen Kempf and damages.*

d. Miami-Dade County, Medical Examiner
1851 NW 10th Ave
Miami, FL 33136

*May have knowledge and documentation regarding the injuries sustained by Daniel Allen Kempf, autopsy or examination (s) performed and cause of death.*

e. Records Custodian, Miami-Dade Medical Examiner
1851 NW 10th Ave,
Miami, FL 33136

*May have knowledge and documentation regarding the injuries sustained by Daniel Allen Kempf, autopsy or examination (s) and cause of death.*

f. Felipe Williams, FDLE Special Agent in charge
1030 NW 111th Avenue
Miami, FL 33172

*May have knowledge and information regarding the response by law enforcement and the Defendant(s)' response to the call and actions resulting in the October 22, 2023 incident and death of Daniel Allen Kempf.*

    g.      Christopher Woehr, FDLE Assistant Special Agent in charge
             1030 NW 111th Avenue
             Miami, FL 33172

*May have knowledge and information regarding the response by law enforcement and the Defendant(s)' response to the call and actions resulting in the October 22, 2023 incident and death of Daniel Allen Kempf.*

*Rosete's discovery of the facts and issues in this matter is on-going. Further discovery and developments in this case may lead to a change in Rosete's responses herein. Accordingly, Rosete reserves its right to amend or supplement these disclosures as necessary prior to trial.*

2. Plaintiff has in its possession, custody, or control the following categories of documents, electronically stored information, and tangible things that it may use to support its claims:

Plaintiff has no documentation, electronic stored information, or tangible things in her possession currently. Plaintiff intends to initiate discovery and as same progresses; the Plaintiff shall list the pertinent documents as the matter unfolds. The Plaintiff disagrees with the Defendant that certain documents or tangible things created in the regular course of business or otherwise generated as a result of the October 22, 2023 incident resulting in Daniel Allen Kempf's death are exempt from disclosure under all circumstances or as invoked in these proceedings and the Plaintiff contends that once disclosed, the documentary and evidentiary material in support of her claim will likely include, but not limited to Body worn camera footage, offense incident reports, use of force/control of person's reports and may include the document categories identified by the Defendant in its initial disclosure.

3. Computation of each category of Damages claimed by Plaintiff:

The Plaintiff has valued her claim as being in excess of one million dollars based on the pain and suffering for the loss of her son, pain and suffering and the loss of life by Daniel Allen Kempf, his age, life expectancy and the attenuating facts and circumstances resulting in the untimely and unnecessary death of Daniel Allen Kempf.

4. The Insurance agreement(s) under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Not Applicable

Respectfully submitted,

Law Office of Robert N. Pelier, P.A.
4649 Ponce de Leon Boulevard, Suite 301
Coral Gables, FL 33146
Telephone:  (305) 529-9199
Facsimile:  (305) 529-9290
E-Service:  rpelier@pelierlaw.com
            ypasarin@pelierlaw.com

By:  /s/ Robert N. Pelier
     Robert N. Pelier, Esq.
     Florida Bar 0998834

I hereby certify that on May 15, 2024, I served all counsel of record by electronically filed the foregoing with the Clerk of the Court.

          /s/ Robert N. Pelier
          Robert N. Pelier, Esq.