UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE No. 1:24-cv-20935-JAL

YANEITSY ROSETE, Personal
Representative of the Estate of DANIEL
ALLEN KEMPF,

    Plaintiffs,

vs.

CITY OF HOMESTEAD, a municipality entity,
Officer Schelisa Gilpin-Braithwaite,
in her individual capacity,

    Defendants.
_____/

**DEFENDANT, CITY OF HOMESTEAD'S
ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I**

Defendant City of Homestead ("City") files this Answer and Affirmative Defenses to Count I of the Amended Complaint. [ECF No. 18], filed by Plaintiff, Yaneitsy Rosete, Personal Representative of the Estate of Daniel Allen Kempf ("Plaintiff") and state as follows:

**BASIS FOR JURISDICTION**

1. As to Paragraph 1 of the Complaint, the City admits that Plaintiff purports to seek damages that exceed the Court's jurisdictional minimum, but denies that Plaintiff is entitled to any relief.

2. The City admits the allegations in Paragraph 2 that this Court has original federal question jurisdiction over civil rights claim brought under Section 1983.

3. The City admits the allegations in Paragraph 3 that this Court has supplemental jurisdiction over the remaining state law claim.

**VENUE**

4. The City admits the allegations in Paragraph 4 that venue is proper in this Court, but denies that Plaintiff has stated a cause of action or is entitled to any relief.

## PARTIES

5. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and the City accordingly denies same and demands strict proof thereof at the trial of this cause.

6. The City admits the allegations in Paragraph 6 that the City of Homestead is a Florida municipal corporation, and that the Homestead Police Department is operated by the City of Homestead.

7. The City admits that at all relevant times, Officer Gilpin acted in the course and scope of her employment as a law enforcement officer with the City.

8. As to the allegations in Paraph 8, this Court dismissed Plaintiff's claims against John Does, thus this allegation does not need to be answered. In the event, an answer is required, the City admits that at all relevant times the unidentified John Does acted within the scope of their employment as law enforcement officers with the City.

## FACTUAL ALLEGATIONS

9. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Amended Complaint, and the City accordingly denies same and demands strict proof thereof at the trial of this cause.

10. The City denies the allegations in Paragraph 10 and demands strict proof thereof.

11. The City denies the allegations in Paragraph 11 and demands strict proof thereof.

12. The City denies the allegations in Paragraph 12 and demands strict proof thereof.

13. The City denies the allegations in Paragraph 13 and demands strict proof thereof.

14. The City denies the allegations in Paragraph 14 and demands strict proof thereof.

15. The City denies the allegations in Paragraph 15 and demands strict proof thereof.

16. The City denies the allegations in Paragraph 16 and demands strict proof thereof.

17. The City denies the allegations in Paragraph 17 and demands strict proof thereof.

18. The City admits the allegations in Paragraph 18 to the extent that the officers swept the house and did not encounter Kempt but denies the remaining allegations in the paragraph and demands strict proof thereof.

19. The City denies the allegations in Paragraph 19 and demands strict proof thereof.

20. The City denies the allegations in Paragraph 20 and demands strict proof thereof.

21. The City denies the allegations in Paragraph 21 and demands strict proof thereof.

22. The City denies the allegations in Paragraph 22 and demands strict proof thereof.

23. The City denies the allegations in Paragraph 23 and demands strict proof thereof.

24. The City denies the allegations in Paragraph 24 and demands strict proof thereof.

25. The City denies the allegations in Paragraph 25 and demands strict proof thereof.

26. The City denies the allegations in Paragraph 26 and demands strict proof thereof.

27. The City denies the allegations in Paragraph 27 and demands strict proof thereof.

28. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identity of Mr. Kempf's survivors, and the City accordingly denies same and demands strict proof thereof at the trial of this cause. The City denies the remaining allegations in Paragraph 18 of the Complaint.

29. The City is without knowledge of the allegations in Paragraph 29 of the Amended Complaint and demands strict proof thereof. Further, there are no attachments to the Amended Complaint.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

## COUNT I – WRONGFUL DEATH (BATTERY/EXCESSIVE FORCE) AGAINST THE CITY OF HOMESTEAD

30. The City readopts and realleges the allegations set forth in Paragraphs 1 through 19 of the complaint as if fully set forth herein.

31. The City admits the allegations in Paragraph 31 to the extent that under Florida Law a government can be held liable for wrongful acts of its employees and agents acting within the course and scope of their employment and/or agency but denies the remaining allegations in the paragraph and demands strict proof thereof.

32. The City admits the allegations in Paragraph 32 that Officer Gilpin was acting within the scope of the employment with the City during the relevant times alleged in this Amended Complaint but denies the remaining allegations in Paragraph 32 and demands strict proof thereof.

33. The City denies the allegations in Paragraph 33 and demands strict proof thereof.

34. The City denies the allegations in Paragraph 34 and demands strict proof thereof.

## COUNT II – DEFENDANT GILPIN (42 U.S.C. § 1983 FOR VIOLATING THE FOURTH AND FOURTEENTH AMENDMENTS)

This count is brought against Officer Gilpin who was served on May 16, 2024. The undersigned counsel have not appeared on her behalf as of yet. Accordingly, no answer is required as to this count.

## AFFIRMATIVE DEFENSES

### First Affirmative Defenses

The City states there was legal privilege, authority, authorization and justification for all actions and conduct alleged and/or referred to in this action, therefore the Plaintiff's claims are barred.

### Second Affirmative Defense

The City states they are entitled to all the rights, privileges, immunities and limitations afforded by Fla. Stat. § 768.28 and all subsections thereunder including the limitation of liability of $200,000.00 per claimant and $300,000.00 per occurrence.

### Third Affirmative Defense

The City states that Mr. Kempf's injuries were sustained during the commission or attempted commission of a forcible felony. Therefore, Plaintiff's claims for damages are barred pursuant to Florida Statute 776.085(1), Florida Statutes. Additionally, pursuant to section 776.085(4) (b), Defendant is entitled to an award of reasonable attorney's fees incurred in defense of this action.

### Fourth Affirmative Defense

The City pleads all of the defenses afforded by chapter 776, Florida Statutes, and all subsections therein, including §§ 776.05, 776.06, 776.051, 776.013, and 776.032.

### Fifth Affirmative Defense

Plaintiff's claims are barred because the Officers were acting in good faith.

### Sixth Affirmative Defense

Mr. Kempf's Estate and the Survivors are barred from recovery because any and all damages allegedly suffered by them were solely and proximately caused by Mr. Kempf's own actions and/or omissions.

### Seventh Affirmative Defense

The Officers only utilized the necessary and reasonable amount of force needed to assist in responding to the incident caused by Mr. Kempf.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

### Eighth Affirmative Defense

Plaintiff's claims are barred because the actions and conduct of Mr. Kempf was at all times unlawful and contrary to the laws of the state of Florida, and all actions and conduct were in response to such illegality.

### Ninth Affirmative Defense

Plaintiff's recovery in this cause, if any, shall be reduced by collateral sources of indemnity.

### Tenth Affirmative Defense

The City asserts it is entitled to a set-off for the amount of and any and all monies paid to Plaintiff and/or recovered by him in any manner, judgment or otherwise, from any party or non-party to this action.

### RESERVATION OF DEFENSES

The City hereby gives notice that it may rely upon any other defense that maybe become available, as supported by discovery proceedings in this case and expressly reserve and preserve all applicable remedies, defenses, privileges, causes of action, counter-claims, third-party claims, or otherwise, and hereby further reserve and preserve the right to supplement, amend, modify, and/or revise this Answer and Affirmative Defenses pending the discovery and clarification of Plaintiff's claims against the City.

### DEMANDS FOR JURY TRIAL

Defendant, City of Homestead requests trial by jury for all issues triable as of right by a jury.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

DATED:       May 29, 2024                  Respectfully submitted,

                                                  WEISS SEROTA HELFMAN
                                                  COLE & BIERMAN, P.L.
                                                  *Counsel for City of Homestead*
                                                  200 East Broward Boulevard, Suite 1900
                                                  Fort Lauderdale, FL 33301
                                                  954-763-4242

                                                  By: */s/ Bryan C. Siddique*
                                                      ERIC L. STETTIN
                                                      Florida Bar No. 0831697
                                                      Primary email: estettin@wsh-law.com
                                                      Secondary email: skosto@wsh-law.com
                                                      BRYAN C. SIDDIQUE
                                                      Florida Bar No. 1018191
                                                      Primary email: bsiddique@wsh-law.com
                                                      Secondary email: mboschini@wsh-law.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail on the 29th day of May 2024 on all counsel or parties of record on the Service List below.

                                                  By: /s/Bryan C. Siddique
                                                  Bryan C. Siddique

## **SERVICE LIST**

| Robert N. Pelier<br>Law Office of Robert N. Pelier, P.A.<br>4649 Ponce de Leon Boulevard, Suite 301<br>Coral Gables, FL 33146<br>Telephone: 305-529-9199<br>Facsimile: 305-529-9290<br><br>Email: rpelier@pelierlaw.com<br>        ypasarin@pelierlaw.com<br><br>*Counsel for Plaintiff* | Eric L. Stettin<br>Bryan C. Siddique<br>Weiss Serota Helfman Cole & Bierman, P.L.<br>200 East Broward Boulevard, Suite 1900<br>Fort Lauderdale, FL 33301<br>Telephone: 954-763-4242<br>Facsimile: 954-764-7770<br><br>Email: estettin@wsh-law.com<br>        skosto@wsh-law.com<br>        bsiddique@wsh-law.com<br>        mboschini@wsh-law.com<br><br>*Counsel for Defendant City of Homestead* |
|---|---|